# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY L. ZANAGLIO, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 17-874 |
| v. | ) |
| | ) Hon. Nora Barry Fischer |
| J.J. KENNEDY, INC. | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Demotion Claims and supporting briefing, (Docket Nos. [5], [6]); Plaintiff's response in opposition, (Docket Nos. [9], [10]); and Defendant's reply, (Docket No. [11]). After careful consideration of the parties' submissions; the standards governing motions to dismiss set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and as articulated in Third Circuit precedent, *see, e.g.*, *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016); and for the following reasons, Defendant's Motion to Dismiss Plaintiff's Demotion Claims, (Docket No. [5]), is GRANTED.

By way of background, Defendant removed this matter from the Court of Common Pleas of Jefferson County to this Court on June 30, 2017. (Docket No. 1). In her Complaint, Plaintiff, who is fifty-nine years old, alleges that she worked for Defendant, which operates six ready-mix concrete plants, for ten years. (Docket No. 1-2 at ¶¶ 1, 3-4). Plaintiff was promoted to plant manager in 2008 and held the position until 2015. (*Id.* at ¶ 4). As was typical given the seasonal nature of the concrete industry, Plaintiff was laid off in October 2014. (*Id.* at ¶ 5). On May 1, 2015, Plaintiff met with Defendant's owner and/or president, Paul Rader, Sr., who notified her that: "(i) it is better to have a male as the plant manager given the physical nature of the work;

(ii) she would be re-assigned as plant assistant and (ii) [sic] her pay would remain the same." (*Id.* at ¶ 6). Christopher Bowser, who was thirty-five years old, replaced Plaintiff as the plant manager. (*Id.* at ¶ 7). Plaintiff worked as the plant assistant until she was laid off in August 2015, at which time Mr. Rader informed her that the plant assistant position was being eliminated but stated that she would be called back in the spring, in some capacity. (*Id.* at ¶ 8). In October 2015, Plaintiff requested reimbursement of her vacation pay until she could file a new unemployment compensation claim. (*Id.* at ¶ 9; *see also* Docket No. 1-2 at 12). In response, Defendant stated that Plaintiff's suspension of her employment on August 7, 2015, nullified her request for reimbursement and that Defendant would make a one-time severance payment to Plaintiff. (*Id.* at ¶ 10; *see also* Docket No. 1-2 at 13). Plaintiff asserts four claims against Defendant for gender discrimination under the Pennsylvania Human Relations Act ("PHRA"); age discrimination under the PHRA; discrimination under the Age Discrimination in Employment Act of 1967 ("the ADEA"); and discrimination under Title VII. (*Id.* at ¶¶ 25-43).

In support of its Motion to Dismiss, Defendant argues that the complaint Plaintiff filed with the Pennsylvania Human Relations Commission ("PHRC") was untimely under the PHRA. (Docket No. 8 at 2-3). Defendant also asserts that Plaintiff's claims related to the demotion under the ADEA and Title VII were untimely filed with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 3-4). Finally, Defendant contends that Plaintiff's demotion claims must be dismissed because her filings with the PHRC only make claims of discrimination with respect to her discharge. (*Id.* at 4-5). In response, Plaintiff argues that 42 U.S.C. § 2000e-5(e)(3)(A) of the Lilly Ledbetter Fair Pay Act of 2009 ("the FPA") applies and that the discriminatory harm she suffered accrued until she was terminated. (*Id.* at 3-5). Plaintiff admits "in candor," however, that she "remains skittish" about the application of § 2000e-5(e)(3)(A),

"given statutory language suggestive of disparate impact cases." (*Id.* at 5). Plaintiff also relies upon the discovery rule and maintains that she was unaware that she suffered from discriminatory practices until the date of her termination. (*Id.* at 6-11). In reply, Defendant insists that § 2000e-5(e)(3)(A) and the discovery rule are inapplicable. (Docket No. 11).

Courts routinely and strictly apply the PHRA's 180-day limitation period. *See Hatten v. Bay Valley Foods, LLC*, No. 11-CV-1122, 2012 U.S. Dist. LEXIS 53622, at *9-11 (W.D. Pa. Apr. 17, 2012) (applying the PHRA's 180 day filing limitation); *Rhoades v. YWCA of Greater Pittsburgh*, No. 09-CV-1548, 2010 U.S. Dist. LEXIS 119008, at *8-14 (W.D. Pa. Nov. 9, 2010) (same); *Cunningham v. Freedom Ford Sales, Inc.*, No. 06-CV-205, 2007 U.S. Dist. LEXIS 60613, at *11-18 (W.D. Pa. Aug. 17, 2007) (complaint filed with the PHRC was untimely because the EEOC forwarded it after the expiration of the 180-day limitation period). "[T]he law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

Here, Plaintiff avers that she was demoted from plant manager to plant assistant on May 1, 2015. (Docket No. 1-2 at ¶ 7). She filed her initial complaint with the PHRC on January 1, 2016, and she filed an amended complaint with the PHRC on May 2, 2016. (Docket No. 8-2 at 1-12; *see also* Docket No. 10 at 3).[1] Thus, Plaintiff failed to file within the 180-day limitations

---

[1] Although Plaintiff did not attach her filings with the PHRC to her Complaint, Defendant provided them as exhibits to its motion to dismiss. (Docket No. 8-2). The Court may consider these undisputedly authentic documents in deciding this motion without converting it into a motion for summary judgment. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that "a court may consider an undisputedly

period with respect to the demotion that occurred on May 1, 2015. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997) ("If a plaintiff fails to file a timely complaint with the PHRC, then he or she is precluded from judicial remedies under the PHRA. The Pennsylvania courts have strictly interpreted this requirement."); *Ryliskis v. Uniontown Area Hosp.*, No. 11-CV-1517, 2012 U.S. Dist. LEXIS 132172, at *19-20 (W.D. Pa. Aug. 30, 2012) (dismissing the plaintiff's retaliation claim with prejudice because it was filed 207 days after her alleged constructive discharge); *Lewis v. Fraternal Order of Police*, 8 F. Supp. 2d 481, 482 (E.D. Pa. 1998) (holding that the plaintiffs had failed to exhaust their administrative remedies under the PHRA because "[they] filed no administrative complaint within the 180 day time limit required by the PHRA").

The Court rejects Plaintiff's arguments in opposition to Defendant's motion to dismiss. Specifically, 42 U.S.C. § 2000e-5(e)(3)(A) of the FPA does not apply to Plaintiff's demotion claim. *See Noel v. Boeing Co.*, 622 F.3d 266, 273-74 (3d Cir. 2010) (holding that "the plain language of the FPA covers compensation decisions and not other discrete employment decisions"); *see also Davis v. Bombardier Transp. Holdings, Inc.*, 794 F.3d 266, 270 (2d Cir. 2015) ("'[T]he plain language of the [Ledbetter Act] covers compensation decisions and not other discrete employment decisions,' such as hirings, firings, promotions, and demotions" (quoting *Noel*, 622 F.3d at 274). Additionally, the discovery rule is inapplicable to Plaintiff's demotion claim. With respect to the discovery rule, the Court "look[s] to when, through the 'exercise of reasonable diligence,' the injury would have been 'knowable to the plaintiff.'" *Clarkson v. SEPTA*, No. 16-2466, 2017 U.S. App. LEXIS 11440, at *5 (3d Cir. 2017) (quoting

---

authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"); *Colbert v. Mercy Behavioral Health*, 845 F. Supp. 2d 633, 637 (W.D. Pa. 2012) (noting that a court may consider an EEOC charge attached to a motion to dismiss without converting the motion into a motion for summary judgment). Further, Plaintiff does not dispute that she filed her initial complaint with the PHRC on January 1, 2016, and she filed an amended complaint with the PHRC on May 2, 2016. (Docket No. 10 at 3).

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d. Cir 1994)); *see also Kepple v. GPU, Inc.*, 2 F. Supp. 2d 730, 743 (W.D. Pa. 1998) (rejecting continuing violation theory because demotion was a discrete incident). As discussed above, Plaintiff has averred that she was demoted from plant manager to plant assistant on May 1, 2015, (Docket No. 1-2 at ¶ 7), which the Court finds is the date on which the injury would have been "knowable to the plaintiff." *Clarkson*, 2017 U.S. App. LEXIS 11440, at *5 (internal quotations omitted). Moreover, "with respect to equitable tolling, the plaintiff must diligently pursue her rights and show 'that some extraordinary circumstance stood in [her] way.'" *Id.* at *5-6 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Plaintiff "fails to point to any circumstance, let alone an extraordinary circumstance, that otherwise stood in the way of the timely pursuance of her rights." *Id.* at *6.[2]

As to Plaintiff's federal claims under the ADEA and Title VII, the same are barred by the applicable statutes of limitations. Before a plaintiff may bring ADEA and Title VII claims in federal court, she must exhaust her administrative remedies by presenting her claims to the EEOC. *See* 42 U.S.C. §§ 2000e-5(b), (f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). In Pennsylvania, an EEOC claim must typically be filed within 300 days of the unlawful

---

[2] The Court further notes that in her PHRC January 2016 questionnaire, Plaintiff checked the box only for a claim over her discharge and did not check the box regarding her demotion. (*See* Docket No. 8-2 at 6). The Court finds meritless Plaintiff's argument that she did not check the box because she "did not realize her injury until she realized the promised call back was not going to happen." (Docket No. 10 at 13). As discussed above, the discovery rule is inapplicable. Moreover, courts have dismissed claims solely on the basis that a plaintiff failed to check a box on a Charge of Discrimination with the EEOC. *See Brown v. Envoy Air Inc.*, No. 14-CV-383, 2014 U.S. Dist. LEXIS 165142, at *9-10 (W.D. Pa. Nov. 25, 2014) (dismissing with prejudice the plaintiff's Title VII and PHRA claims to the extent that he was basing them on race discrimination because he "only checked the Religion box in his Charge, and did not check the Race box"); *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. Pa. Jan. 14, 2013) (holding that a plaintiff who failed to allege any retaliatory conduct or check a box indicating a retaliation claim on the EEOC charge form had not exhausted the retaliation claim).

employment practice.  42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d)(2); *Mikula v. Allegheny Cnty.*, 583 F.3d 181, 185 (3d Cir. 2009) ("Under Title VII, a claimant in Pennsylvania must file a discrimination charge with the EEOC within 300 days of an unlawful employment practice."). In the instant case, Plaintiff requested the PHRC to dual-file her claims with the EEOC on May 2, 2016.  (Docket No. 8-2 at 3-4).  As discussed above, Plaintiff's demotion occurred on May 1, 2015.  Accordingly, because Plaintiff did not file her claims with respect to her demotion within 300 days, the same will be dismissed.

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's Demotion Claims, (Docket No. [5]), is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims at Counts I and II of Plaintiff's Complaint are DISMISSED, with prejudice.

Finally, IT IS ORDERED that Plaintiff's claims with respect to her demotion under the Age Discrimination in Employment Act and Title VII of the 1964 Civil Rights Act at Counts III and IV are DISMISSED, with prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:  August 15, 2017

cc/ecf:  All counsel of record